UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES OF AMERICA

-against-

JAMAL BROWN,

                        Defendant.

------------------------------------------------------------X

**MEMORANDUM & ORDER**

**04-CR-01016 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Defendant Jamal Brown, currently serving a 12-year prison term, moves for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). (Def. Mot. for Retroactive Appl. of Sentencing Guidelines ("Def. Mot.") (Dkt. 564).) The question before the court is whether Defendant is eligible for a reduced sentence in light of the fact that he was sentenced to a term of imprisonment pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement. For the reasons discussed below, the court concludes that Defendant is not eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), and therefore his motion is DENIED.

I.      **BACKGROUND**

On August 2, 2006, in proceedings before this court, Defendant pleaded guilty to one count of racketeering, in violation of 18 U.S.C. §§ 1962(c) and 1963, and one count of conspiracy to distribute and possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). (See J. (Dkt. 140).) The court sentenced Defendant to 144 months imprisonment pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement. (Aug. 2, 2006, Sentencing Tr. (Dkt. 200).)

1

On February 11, 2008, the court ordered the Government to show cause why the court should not file an amended judgment reducing Defendant's term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 (as amended effective March 3, 2008). (See Feb. 11, 2008, Order (Dkt. 482).) On July 3, 2008, the Government responded, arguing that Defendant was not eligible for a resentencing because his sentence did not rely upon the applicable Guidelines sentencing range, since the court relied only on the 12-year term of imprisonment contemplated in his Rule 11(c)(1)(C) plea agreement. (See July 3, 2008, Response (Dkt. 485).) On July 15, 2008, the court denied a sentence reduction. (See July 15, 2008, Order (Dkt. 486).)

On October 16, 2008, Defendant filed a motion for reconsideration of that Order. (Mot. for Recons. (Dkt. 488).) On October 27, 2008, the court denied the motion for reconsideration, citing the Government's original response to the order to show cause, which stated that "[a] motion for reduction of sentence under 3582(c)(2), based on a retroactive Guideline amendment, is irrelevant where the defendant has entered and been sentenced pursuant to such a [Federal Rule of Criminal Procedure 11(c)(l)(C)] plea." (See Oct. 27, 2008, Order (Dkt. 489).)

On November 14, 2011, after Congress passed the Fair Sentencing Act of 2010, Pub. L. No. 111-222, 124 Stat. 2372 (2010), Defendant once again moved for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2), relying on the Act's amendments to the sentencing Guidelines concerning crack-cocaine. (Def. Mot.) On April 19, 2012, Defendant filed a motion for preliminary screening of his 18 U.S.C. § 3582(c)(2) motion. (See Def. Mot. for Prelim. Screening of 3582 Mot. (Dkt. 686).)

The court ordered the Government to respond to Defendant's motions because of the possibility that Defendant was entitled to resentencing in light of the changes to the Guidelines and the Supreme Court's decision in Freeman v. United States, 131 S. Ct. 2685 (2011), which

held that defendants who enter Rule 11(c)(1)(C) plea agreements expressly based upon subsequently-amended Guidelines may be eligible for resentencing. (See Nov. 19, 2013, Order (Dkt. 1478) at 2.) On January 28, 2014, the Government responded, opposing Defendant's motion. (See Gov't Mem. in Opp'n (Dkt. 1481).) The Government maintains that Defendant is ineligible for a reduction because the court relied solely upon the plea agreement in sentencing Defendant and not upon the Guidelines. (Id.)

## II. DISCUSSION

The Supreme Court has established a two-step inquiry to guide district courts in their consideration of 18 U.S.C. § 3582(c)(2) motions. See Dillon v. United States, 560 U.S. 817, 825 (2010); see also United States v. Christie, 736 F.3d 191, 194-95 (2d Cir. 2013). First, the district court must determine whether a defendant is "*eligible* for a reduction in sentence." Id. (emphasis in original) (quoting United States v. Mock, 612 F.3d 133, 137 (2d Cir. 2010)) (internal quotation marks omitted). To be eligible, a defendant must have been "sentenced to a term of imprisonment *based on* a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2) (emphasis added). Second, if a defendant is eligible for resentencing, the court will then consider whether any reduction is warranted. Id.

In Freeman, the Supreme Court resolved a circuit split over "whether defendants who enter into 11(c)(1)(C) agreements that specify a particular sentence may be said to have been sentenced 'based on' a Guidelines sentencing range, making them eligible for relief under § 3582(c)(2)." 131 S. Ct. at 2691. Freeman held that a defendant whose sentence was imposed pursuant to a Rule 11(c)(1)(C) plea agreement is eligible for a reduction if the plea "agreement expressly use[d] a Guidelines sentencing range applicable to the charged offense to establish the

3

term of imprisonment, and that range is subsequently lowered by the [Sentencing Commission]." Id. at 2695 (Sotomayor, J., concurring).

In Freeman, the defendant pleaded guilty pursuant to a Rule 11(c)(1)(C) agreement to various crimes, including possession with intent to distribute cocaine base. Id. at 2691. The government agreed that a sentence of 106 months' incarceration was "the appropriate disposition of the case." Id. The plea agreement explicitly stated that both parties reviewed the Guidelines, and that the defendant agreed to have his sentence determined pursuant to the Guidelines. Id. Because the district court sentenced the defendant pursuant to a Rule 11(c)(1)(C) plea agreement that was expressly based on the Guidelines, the Freeman court concluded that the defendant was eligible for a reduction under 18 U.S.C. § 3582(c)(2). Id. at 2700.

As the Government correctly argues, such circumstances are not present in this case. Although the court referred to the subsequently-amended Guideline range briefly during Defendant's sentencing, it did not base the 12-year sentence on the applicable Guidelines sentencing range. (See Aug. 2, 2006, Sentencing Tr. at 6.) At Defendant's sentencing hearing, the court stated that the parties "agreed to the imposition of a specific sentence . . . as [the] appropriate disposition of the case. The court accepts that agreement and will sentence the defendant pursuant to Rule 11(c)(1)(C) to the 12 years." (Id.) The court focused solely on the plea agreement between the parties and the reasonableness of the specific sentence included in that agreement—not on the Guidelines sentencing range. (Id. at 9.)

Furthermore, the plea agreement itself did not expressly rely upon the Guidelines. (See Dec. 1, 2005, Plea Agreement ¶ 1.) Rather, the agreement provided that "the [U.S. Attorney's] Office and the defendant agree that a specific sentence of 12 years' imprisonment and five years' supervised release is the appropriate disposition of the case." (Id.) The specific sentence in the

4

agreement was below the applicable Guidelines sentencing range, which was 151 to 188 months based on Defendant's total offense level and criminal history category. (See Aug. 2, 2006, Sentencing Tr. at 6.)

In sum, Defendant's sentence was based solely on his plea agreement with the Government, and the Guidelines were not "expressly used" for calculating the specific sentence in the plea agreement. Thus, under the Supreme Court's holding in Freeman, because Defendant's sentence was not "based on" the applicable Guidelines he is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

### III. CONCLUSION

For the reasons set forth above, Defendant is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). The court, therefore, will not consider whether a reduction is warranted. See Dillon, 560 U.S. at 826. Defendant's motion for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) is DENIED.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
June _j b_, 2014

NICHOLAS G. GARAUFIS
United States District Judge